IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BARBARA JEAN CHURCHILL, | ) | |
| | ) | CASE NO. BK07-41644-TLS |
| Debtor(s). | ) | A12-4018-TLS |
| BARBARA JEAN CHURCHILL, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITIFINANCIAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

      This matter is before the court on the debtor-plaintiff's motion for summary judgment (Fil. No. 8). No resistance was filed. Dennis Fricks represents the debtor. No appearance was made for the defendant. No evidence[1] or briefs were filed. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

      This adversary proceeding was filed to avoid a junior lien on the debtor's real property. There are two consensual liens on the debtor's home. The first is held by CitiMortgage, Inc., upon an assignment from ABN AMRO Mortgage Group, Inc., which filed a claim for $97,291.15. The second is held by CitiFinancial, Inc., which filed a claim for $14,659.16. The debtor valued the residence at $100,000.00 on Schedule A.[2] The debtor's complaint argues that the second lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

---

      [1]The debtor refers the court to supporting material purportedly attached to the complaint. There were no documents attached to the complaint. The court's factual findings are based on the proofs of claim and the bankruptcy petition and schedules.

      [2]A debtor's schedules may serve as evidence in the absence of anything more reliable. *JaKS Farm Custom Forage Harvesting, L.L.C. v. Anderson (In re Anderson)*, 305 B.R. 861, 867 (B.A.P. 8th Cir. 2004) (the only evidence of valuation for confirmation purposes was the debtors' schedules and liquidation analysis); *In re Torelli*, 338 B.R. 390, 398 (Bankr. E.D. Ark. 2006) (holding that the debtor's schedules were "some evidence" of and created a rebuttable presumption regarding his Chapter 12 eligibility).

The following facts are uncontroverted:

1. The plaintiff is the debtor in this Chapter 13 proceeding.

2. The plaintiff is the owner of real property legally described as Lot 1, Block 4, Second Addition to Normal, Lincoln, Lancaster County, Nebraska, together with the North ½ of the vacated alley abutting thereon, commonly known as 5549 Oldham Street, Lincoln, NE 68506.

3. The above-described property has at all relevant times been the personal residence of the plaintiff herein.

4. CitiMortgage, Inc., holds the first lien against the real property in the approximate amount of $97,291.15.

5. CitiFinancial, Inc., holds the second lien against the property in the approximate amount of $14,659.16.

6. The debtor values the property at $100,000.00, according to her bankruptcy schedules.

7. The plaintiff filed this adversary complaint on February 24, 2012.

8. Summons and the complaint were served on February 29 and March 1, 2012, on the defendant's president at the corporate address, and on a local branch of the defendant.

9. The time for filing an answer or other response expired on March 28, 2012.

10. No answer or other response has been filed or served by the defendant.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in *Fisette*:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
> The message, to recapitulate, is this:
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"

    — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;
    — If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

  Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

  In this case, the record does not demonstrate the debtor's entitlement to judgment as a matter of law. She has not proven the defendant's claim is wholly unsecured. According to the record before the court, the claim is under-secured. Therefore, because there is some value to the lien, the claimant's rights may not be modified by the Chapter 13 plan.

  IT IS ORDERED: The plaintiff-debtor's motion for summary judgment (Fil. No. 8) is denied.

  DATED: May 10, 2012.

            BY THE COURT:

            /s/ Thomas L. Saladino
            Chief Judge

Notice given by the Court to:
  *Dennis Fricks
  U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.